## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTY M. KENT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | 2:14-cv-292-WCO |
| | : | |
| **WAGNER SERVICE SOLUTIONS,** | : | **JURY TRIAL REQUESTED** |
| **INC., and ASHLEY THOMPSON,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Christy M. Kent ("Ms. Kent"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7(a)(1), brings this Complaint against Defendants Wagner Service Solutions, Inc. ("Wagner") and Ashley Thompson ("Ms. Thompson") and shows the Court as follows:

## INTRODUCTION

1.

Ms. Kent brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*., (hereinafter "the FLSA") to recover due but unpaid overtime compensation and an additional amount as liquidated damages and to be reimbursed for her costs of litigation, including her reasonable attorneys' fees.

- 1 -

2.

In addition, Ms. Kent brings this action to recover the full range of damages resulting from Defendants' unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia, Gainesville Division, under 28 U.S.C. §1391 because Wagner conducts business in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

5.

Ms. Kent is a citizen of the United States and of the State of Georgia and resides within Hall County, Georgia.

6.

Wagner employed Ms. Kent, beginning on June 10, 2013 as a receptionist and

since August 1, 2014 as a Recruiter, at its facility located at 3715 Mundy Mill Road in Oakwood, Hall County, Georgia.

7.

At all times relevant to this suit, Ms. Kent has been an "employee" of Wagner as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

At all times material hereto, Ms. Kent has been "engaged in commerce" as an employee of Wagner as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Wagner is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Wagner has been an "employer" of Ms. Kent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, two or more employees of Wagner used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture and office supplies.

12.

At all times material hereto, Wagner has been an "enterprise engaged in

commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2013, Wagner had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Wagner had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Wagner had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Wagner had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Wagner had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Wagner had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

At all times material hereto, Wagner has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

20.

Wagner may be served with service of process through its registered agent, Jeffrey T. Wagner, 8386 Hazelbrand Road, Covington, GA 30014.

21.

Wagner is subject to the personal jurisdiction of this Court.

22.

Thompson resides within Rockdale County Georgia.

23.

At all times material hereto, Thompson exercised operational control over the work activities of Ms. Kent.

24.

At all times material hereto, Thompson was involved in the day to day

operation of Wagner.

25.

At all times material hereto, Wagner vested Thompson with supervisory authority over Ms. Kent.

26.

At all times material hereto, Thompson exercised supervisory authority over Ms. Kent.

27.

At all times material hereto, Thompson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

28.

Thompson is subject to the personal jurisdiction of this Court.

29.

At all times material hereto, Ms. Kent was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

30.

At all times material hereto, Wagner did not vest Ms. Kent with the authority to formulate, interpret or implement management policies or operating practices.

31.

At all times material hereto, Ms. Kent did not carry out major business

assignments in conducting the operations of the business.

32.

At all times material hereto, Ms. Kent did not perform work that affected Wagner's business operations to a substantial degree.

33.

At all times material hereto, Wagner did not vest Ms. Kent with the authority to commit it matters that have significant financial impact.

34.

At all times material hereto, Wagner did not vest Ms. Kent with the authority to waive or deviate from established policies and procedures without prior approval.

35.

At all times material hereto, Wagner did not vest Ms. Kent with the authority to negotiate and bind Wagner on significant matters.

36.

At all times material hereto, Ms. Kent was not involved in planning Wagner's long or short term business objectives.

37.

At all times material hereto, Ms. Kent was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Ms. Kent was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

39.

At all times material hereto, Ms. Kent was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times material hereto, Ms. Kent was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTIME

41.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

42.

From approximately June 10, 2013 through the date of the filing of this action, Defendants employed Plaintiff, first as a Reception and since August 1, 2014 as a recruiter.

43.

During her employment with Defendants, Ms. Kent regularly worked in excess

of forty hours (40) each week.

44.

Defendants failed to pay Ms. Kent at one and one half times her regular rate for work in excess of forty (40) hours in any week from June 10, 2013 through the date of filing of this action.

45.

At the time of her initial hire in June 2013, Wagner supervisors David Hodges ("Mr. Hodges") and Virginia Bugg ("Ms. Bugg") interviewed Ms. Kent.

46.

During that interview, Mr. Hodges and Ms. Bugg instructed Ms. Kent not to record more than forty hours per week on her time sheets.

47.

During that interview, Mr. Hodges and Ms. Bugg instructed Ms. Kent that they would privately keep track of Ms. Kent's overtime.

48.

During that interview, Mr. Hodges and Ms. Bugg instructed Ms. Kent that Wagner would compensate her for overtime by awarding her compensatory time off in subsequent weeks.

49.

On at least five occasions, Wagner purported to compensate Ms. Kent for

overtime by awarding her compensatory time off.

50.

On these occasions, Wagner purported to compensate Ms. Kent for overtime by awarding her compensatory time off on an hour for hour basis.

51.

Wagner's scheme to compensate employees for overtime via compensatory time off in subsequent weeks is unlawful.

52.

Wagner's scheme to compensate employees for overtime via compensatory time off in subsequent weeks constitutes an unlawful attempt to avoid the maximum hours requirements of the FLSA.

53.

Defendants willfully failed to pay Ms. Kent at one and a half times her regular rate for work in excess of forty (40) hours in any week from June 10, 2013 through the date of filing of this action.

54.

Since August 1, 2014, Wagner has classified Ms. Kent as exempt from the maximum hours requirement of the FLSA.

55.

Since August 1, 2014, Wagner has willfully classified Ms. Kent as exempt from the maximum hours requirement of the FLSA.

56.

Since August 1, 2014, Wagner has misclassified Kent as exempt from the maximum hours requirement of the FLSA as part of it scheme to avoid its lawful obligation to pay overtime compensation.

57.

Ms. Kent is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

58.

Ms. Kent is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Ms. Kent is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - RETALIATION

60.

The allegations contained in all paragraphs above are incorporated by reference as if fully set out herein.

61.

On November 12, 2014, Ms. Kent requested that Wagner compensate her for due but unpaid overtime compensation.

62.

This request to be paid for due but unpaid overtime compensation was an unequivocal assertion of rights protected by the FLSA.

63.

Ms. Kent's request to be paid overtime is a protected activity within the meaning of the FLSA, § 215(a)(3).

64.

On November 18, 2014, Ms. Thompson and Ms. Bugg met with Ms. Kent at Wagner's Gainesville, Georgia office regarding her request to be paid overtime compensation.

65.

During this meeting, Ms. Thompson and Ms. Bugg told Ms. Kent that they had reviewed security camera records in order to assess her claim for overtime.

66.

During this meeting, Ms. Thompson and Ms. Bugg told Ms. Kent that based on these records they had determined that Ms. Kent was entitled to payment equivalent to more than 39 hours of overtime.

67.

During this meeting, Ms. Thompson and Ms. Bugg told Ms. Kent that her request to be paid overtime compensation constituted unprofessional behavior.

68.

Defendants told Ms. Kent that her request to be paid overtime compensation constituted unprofessional behavior in retaliation for Ms. Kent's protected conduct.

69.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., informing her that her request was unprofessional.

70.

During this meeting, Ms. Thompson and Ms. Bugg told Ms. Kent that her request to be paid overtime compensation constituted an attempt to extort funds from Wagner.

71.

Defendants told Ms. Kent that her request to be paid overtime compensation

constituted an attempt to extort funds from Wagner in retaliation for Ms. Kent's protected conduct.

72.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by management's conduct, i.e., informing her that her request was extortion.

73.

During this meeting, Ms. Thompson and Ms. Bugg presented Ms. Kent with a document that, if executed, would have constituted an acknowledgment that Ms. Kent had falsified her time sheets.

74.

During this meeting, Ms. Thompson and Ms. Bugg told Ms. Kent that they would not pay her for due but unpaid overtime unless she signed this acknowledgement.

75.

Defendants conditioned payment of due but unpaid overtime compensation upon the execution of an acknowledgment of wrongdoing in retaliation for Ms. Kent's protected conduct.

76.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., requiring a written acknowledgment of

improper behavior as a condition precedent of the Company's payment of due but unpaid overtime.

77.

During this meeting, Ms. Kent declined to execute the acknowledgment.

78.

Defendants have refused to compensate Ms. Kent for due but unpaid overtime compensation.

79.

Defendants refused to compensate Ms. Kent for due but unpaid overtime compensation in retaliation for her protected conduct.

80.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., refusing to pay due but unpaid overtime.

81.

During the meeting, Ms. Thompson and Ms. Bugg served Ms. Kent with a disciplinary entry for "Falsification of timekeeping or other company records."

82.

Defendants served Ms. Kent with this disciplinary entry in retaliation for her protected conduct.

83.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., imposing disciplinary action.

84.

During this meeting, Ms. Thompson and Ms. Bugg demanded that Ms. Kent surrender her office keys to them.

85.

Defendants demanded that Ms. Kent surrender her office keys in retaliation for her protected conduct.

86.

A reasonable worker would be dissuaded from asserting her rights under the FLSA if by Defendants' conduct, i.e., by demanding surrender of her office keys.

87.

During this meeting, Ms. Thompson and Ms. Bugg demanded that Ms. Kent surrender her company-provided cell phone to them.

88.

Defendants demanded that Ms. Kent surrender her company provided cellphone in retaliation for her protected conduct.

89.

A reasonable worker would be dissuaded from asserting her rights under the

FLSA by Defendants' conduct, i.e., demanding surrender of her company-provided cellphone.

90.

During this meeting, Ms. Thompson and Ms. Bugg instructed Ms. Kent not to contact the Wage and Hour Division of the United States Department of Labor concerning her request to be paid for due but unpaid overtime.

91.

Defendants instructed Ms. Kent not to contact the Wage and Hour Division of the United States Department of Labor in retaliation for her protected conduct.

92.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., ordering her not to contact the Wage and Hour Division of the United States Department of Labor concerning her request to be paid for due but unpaid overtime.

93.

During this meeting, Ms. Kent surrendered her office keys company cell phone to Ms. Thompson and Ms. Bugg.

94.

Subsequent to this meeting, Defendants placed Ms. Kent upon an indefinite suspension without pay.

95.

Defendants placed Ms. Kent upon an indefinite suspension without pay in retaliation for her protected conduct.

96.

 A reasonable worker would be dissuaded from asserting her rights under the FLSA by Defendants' conduct, i.e., placing her on an indefinite suspension without pay.

97.

Subsequent to this meeting, Defendants blocked Ms. Kent's access to her company e-mail account.

98.

Defendants blocked Ms. Kent's access to her company e-mail account in retaliation for her protected conduct.

99.

A reasonable worker would be dissuaded from asserting her rights under the FLSA by m Defendants' conduct, i.e., blocking her access to her company e-mail account.

100.

As a direct and foreseeable result of Defendants' unlawful retaliation, Ms. Kent has suffered loss of income, emotional distress and other damages to be proven at

trial.

**WHEREFORE,** Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due, plus prejudgment interest thereon;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in compensatory damages caused by their unlawful retaliatory conduct plus an additional like amount in liquidated damages due, plus prejudgment interest thereon

4. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees and costs from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303          /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3171                  KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)              GA. BAR NO. 262375
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com   COUNSEL FOR PLAINTIFF