IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHRISTY M. KENT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:14-CV-292-RWS |
| WAGNER SERVICE : | |
| SOLUTIONS, INC. and ASHLEY : | |
| THOMPSON, : | |
| : | |
| Defendants. : | |

## ORDER

This case comes before the Court on Defendant Wagner Service Solutions' Motion to Dismiss [14].  After reviewing the record, the Court enters the following Order.

## Background

Plaintiff Christy M. Kent ("Plaintiff") filed a Complaint alleging that Defendant Wagner Service Solutions, Inc. violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by denying Plaintiff overtime compensation and retaliating against her when she requested due but unpaid compensation.  (Compl., Dkt. [1], ¶¶ 1–2.)

Plaintiff has been employed by Defendant Wagner Service Solutions,

Inc. ("Defendant") since June 10, 2013. (Id. ¶ 6.) In addition to Defendant, Plaintiff names Ashley Thompson, one of her supervisors, as a defendant in her Complaint. Plaintiff alleges that her work for Defendant is non-exempt under the FLSA, meaning that it is eligible for overtime compensation. (Id. ¶¶ 23–40.) Plaintiff alleges that when she was hired, her supervisors instructed her to record no more than forty hours per week on her time sheets. (Id. ¶ 46.) Her supervisors said they would privately track Plaintiff's overtime work and compensate her with time off. (Id. ¶¶ 47–48.) Plaintiff alleges from June 10, 2013 to the present, Defendant has never paid Plaintiff overtime compensation. (Id. ¶ 53.)

On November 12, 2014, Plaintiff requested that Defendant compensate her for overtime work. (Id. ¶ 61.) Upon her request, Plaintiff's supervisors reviewed security camera records and found that Plaintiff had worked more than thirty-nine hours overtime, for which she had not been compensated. (Id. ¶¶ 65–66.) Plaintiff alleges that her supervisors agreed to give Plaintiff overtime compensation on the condition that Plaintiff sign a document stating that she had falsified her time sheets. (Id. ¶¶ 73–74.) Plaintiff refused to sign the document. (Id. ¶ 77.) After the meeting, Defendant took disciplinary

2

action against Plaintiff, demanded that she surrender her office keys and company cell phone, and suspended her indefinitely without pay.  (Id. ¶ 94.)

Defendant now moves to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim.

## Discussion

### I. Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a

complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

## II.   Analysis

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to meet the pleading standard set out in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. (Def.'s Mot. to Dismiss Compl. ("Def.'s Mot. to Dismiss"), Dkt. [14] at 3–5.) Defendant also argues that Plaintiff's Complaint neither sufficiently alleges nor factually substantiates the elements of an FLSA claim for inadequate compensation. (Id. at 5.) Specifically, Defendant argues that the Complaint does not contain sufficient evidence to show the amount and

4

extent of Plaintiff's uncompensated overtime work.  (Id. at 6.)

Defendant acknowledges a split of authority regarding the FLSA pleading standard, and relies on Dyer v. Lara's Trucks, Inc. and Rance v. Rocksolid Granit USA, Inc. as persuasive authority to support the merits of its Motion to Dismiss.  (Def.'s Reply to Pl.'s Resp. to Def's Mot. to Dismiss ("Def.'s Reply"), Dkt. [17], 6–8.)  In Dyer v. Lara's Trucks, Inc., the Eleventh Circuit concluded that a motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual allegations supporting an FLSA collective action. 2013 WL 609307 at *4 (N.D. Ga. Feb. 19, 2013).  But Dyer does not apply to the present case because Plaintiff has not brought a FLSA collective action before the Court.  Furthermore, Plaintiff's Complaint identifies sufficient factual allegations to support her FLSA claim for inadequate compensation.

In Rance v. Rocksolid Granit USA, Inc., the Eleventh Circuit concluded that a plaintiff-employee had not established a *prima facie* case for an FLSA inadequate compensation claim because the employee had not shown, as a matter of just and reasonable inference, the amount and extent of his work.  292 F. App'x 1, 1 (11th Cir. 2008).  To support his claim, the employee included a single email exchange in his complaint.  In the exchange, the employee asked

5

his supervisor when he would be compensated for work done on a certain date. Id.  His supervisor responded, saying he would look into the matter and asking how many hours the employee worked that day.  Id.  The employee did not respond.  Id.  From the email exchange, the Eleventh Circuit could not justly or reasonably infer that the employee had worked overtime at all.  Id.

Unlike in Rance, where the plaintiff-employee provided no evidence of the amount and extent of his work, Plaintiff in the present case supports her claim by stating in her Complaint that she has worked at least thirty-nine hours within the past two years, for which she is owed overtime compensation. Requiring any additional corroborating evidence misconstrues the pleading standard.  Requiring significantly greater specificity regarding Plaintiff's hours places an impermissibly high burden of proof on Plaintiff.

At the motion to dismiss stage, a plaintiff's complaint is sufficient if it identifies enough facts, taken as true, to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the plaintiff's claim.  Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  In the present case, Plaintiff's claim is that Defendant violated FLSA by denying Plaintiff

6

overtime wages. (Compl., Dkt. [1] ¶ 1.) The Court now reviews the necessary elements of that claim in order to assess whether Plaintiff's Complaint raises a reasonable expectation that discovery will reveal those elements.

Ultimately, Plaintiff bears the burden of proof on the issue of whether she worked overtime without compensation. Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing Anderson v. Mt. Clemens Pottery, Inc., 328 U.S. 680, 687 (1946), superceded by statute on other grounds). But Plaintiff's allegations indicate that she cannot prove exactly how many uncompensated overtime hours she worked because Defendant instructed her to record no more than forty hours per week on her time sheets. (Compl., Dkt. [1] ¶ 46.) "[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," the plaintiff discharges his burden by proving two elements. Allen, 495 F.3d at 1314. First, the plaintiff must prove "that he has in fact performed work for which he was improperly compensated." Id. Second, in lieu of accurate time sheets, the plaintiff must produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id.

In her Complaint, Plaintiff alleges that her supervisors reviewed security

7

camera records and determined that Plaintiff was entitled to pay for more than thirty-nine hours of overtime.  (Compl., Dkt. [1] ¶ 65–66.)  These facts, which the Court must take as true on a Motion to Dismiss, raise a reasonable expectation discovery in this case will allow Plaintiff to meet her burden of proof.  First, the facts as alleged demonstrate that Plaintiff performed work for which she was improperly compensated.  Second, the Court can reasonably infer from the facts that Plaintiff has worked at least thirty-nine uncompensated overtime hours since her date of hire, June 10, 2013.  Thus, the Court finds that Plaintiff has pled sufficient facts to give Defendant notice of the claims against it and enough details to allow an investigation of the claims asserted.  Accordingly, Defendant's Motion to Dismiss [14] must be **DENIED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [14] is **DENIED**.

**SO ORDERED**, this 1st day of June, 2015.

_____
**RICHARD W. STORY**
United States District Judge